**Yan Hong YANG, Petitioner,**

v.

**Alberto GONZALES,[1] Respondent.**

**No. 03–41204–AG.**

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto Gonzales is substitut-

Karen Jaffe, New York, New York, for Petitioner.

Edward J. McElroy, United States Attorney for the Eastern District of New York, New York, N.Y. (Sean Cenawood, United States Attorney's Office for the Southern District of New York, New York, N.Y., William W. Mercer, United States Attorney, Michael S. Lahr, Assistant United States Attorney, Office of the United States Attorney for Montana, Helena, Montana, on the brief), for Respondent.

Present: WALKER, Chief Judge, POOLER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review and the motion to stay order of removal are hereby DENIED.

ed for John Ashcroft as respondent.

Yan Hong Yang petitions for review of the BIA decision denying her motion to reopen her immigration proceedings and moves for a stay order of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). The BIA abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001)(internal citation omitted). An applicant for asylum who seeks to reopen his immigration proceedings must file a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The ninety-day limit does not apply where, *inter alia*, the applicant seeks to reopen his proceedings in order to apply or reapply for asylum and withholding "based on changed circumstances in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Further, a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005).

In this case, the BIA's decision denying Yang's motion to reopen did not constitute an abuse of discretion. Because the BIA rendered its final administrative decision in Yang's case on September 25, 2002, Yang was required to file her motion to

reopen on or before December 24, 2002. Yang did not file her motion to reopen until October 2003, well beyond the required time period. Further, Yang provided no evidence of changed country circumstances, but merely a change in her own circumstances. Finally, Yang did not show that she acted with due diligence in bringing her claim of ineffective assistance of counsel, nor did she show that counsel's assistance was so unfair as to impinge on the fundamental fairness of the proceedings. Accordingly, the BIA properly denied Yang's motion to reopen, and thus Yang's motion to stay the order of removal is moot.